UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BARBARA MCCOY,

                                 Plaintiff,

v.

DEPUY ORTHOPAEDICS, INC.;
DEPUY PRODUCTS, INC.;
DEPUY SYNTHES, INC.;
JOHNSON & JOHNSON; JOHNSON
& JOHNSON SERVICES, INC.; and
JOHNSON & JOHNSON
INTERNATIONAL,

                              Defendants.

Case No.:  22-CV-2075 JLS (AGS)

**ORDER SETTING HEARING FOR MOTION TO DISQUALIFY PLAINTIFF'S EXPERT STEPHEN LI AND TO DISCUSS CHOICE-OF-LAW ISSUES**

(ECF Nos. 44, 60, 65, 66)

      Presently before the Court are the Parties' Joint Status Report (ECF No. 60), the Parties' Joint Proposed Case Management Schedule (ECF No. 65), and Magistrate Judge Andrew G. Schopler's Scheduling Order ("Sched. Order," ECF No. 66).  Also before the Court are Defendants' "Motion to Disqualify Plaintiff[']s[] Expert[ ] Stephen Li" ("Li Mot.," ECF No. 44), to which no opposition has been filed; the Parties' motions to exclude certain experts' opinions (ECF Nos. 40 & 41), to which responses have been filed (ECF Nos. 52 & 54); and the Parties' Motions in Limine (ECF Nos. 46 & 47), to which no responses have been filed (collectively, the "Pending Motions").  Judge Schopler ordered

1    Plaintiff to respond to the Li Motion on or before February 24, 2023.  *See* Sched. Order

2    ¶ 1.  As to the remainder of the Pending Motions, "Defendants respectfully request a status

3    conference to discuss how the Court prefers the Parties to address the completion of this

4    briefing and any corresponding deadlines."  ECF No. 65 at 3, 4.  Specifically, it appears

5    Plaintiff Barbara McCoy seeks to have the Court apply the rulings from the bellwether

6    cases heard by Judge Ed Kinkeade in the multidistrict litigation ("MDL") of which this

7    case was a part, while "[i]t is Defendants' position that the briefing previously filed in the

8    MDL will need to be re-briefed to comply with the law of the transferee court and its local

9    requirements and rules."  *Id.* at 3; *see also id.* at 4.

10        In light of the foregoing, the Court **SETS** a hearing for March 16, 2023, at 1:30 p.m.

11    in Courtroom 4D of the Edward J. Schwartz United States Courthouse to address (1) both

12    the merits of the Li Motion, and (2) Defendants' request that certain motions previously

13    filed and/or decided in the MDL be rebriefed.

14        As concerns the latter point, the Court offers some preliminary thoughts.  In the

15    absence of any Party asserting otherwise and in accordance with the weight of authority,

16    the Court will apply the substantive law of the State of California in this diversity action

17    that was directly filed in the Northern District of Texas pursuant to a Case Management

18    Order in the MDL but which would otherwise have been filed in this District.  *See, e.g.*,

19    *Allen v. Am. Cap. Ltd.*, 287 F. Supp. 3d 763, 774–75 (D. Ariz. 2017) (compiling cases and

20    applying foregoing rule); *Looper v. Cook Inc.*, 20 F.4th 387, 391–93 (7th Cir. 2021)

21    (analyzing history of the "weight of authority" on this issue).  Choice-of-law rules are

22    substantive in nature.  *See Allen*, 287 F. Supp. 3d at 775; *First Intercontinental Bank v.*

23    *Ahn*, 798 F.3d 1149, 1153 (9th Cir. 2015) (citation omitted).

24        Meanwhile, as a general rule, a court sitting in diversity applies federal procedural

25    law.  *See Allen*, 287 F. Supp. 3d at 774 (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78

26    (1938)).  In so doing, a transferee court generally applies the federal law and procedure of

27    the jurisdiction in which it sits rather than the law of the transferor court.  *See, e.g.*, *Grant*

28    *& Eisenhofer, P.A. v. Brown*, Case No. CV 17-5968 PSG (AFMx), 2018 WL 3816721, at

*3 (C.D. Cal. Feb. 16, 2018) (citations omitted).  Nonetheless, in MDL cases, the rulings of the transferor court are generally considered law of the case, and courts tend to be loath to revisit generally applicable legal issues already decided, even if decided under different circuit law.  *See, e.g.*, *Parks v. Ethicon, Inc.*, No. 20CV989-LL-RBB, 2022 WL 2239339, at *2 (S.D. Cal. June 22, 2022) ("This Court is not inclined to refute or revisit an order from the MDL court.") (citation omitted); David F. Herr, ANNOTATED MANUAL OF COMPLEX LITIGATION § 20.133 (4th ed.) ("Although the transferor judge has the power to vacate or modify rulings made by the transferee judge, subject to comity and 'law of the case' considerations, doing so in the absence of a significant change of circumstances would frustrate the purposes of centralized pretrial proceedings.") (footnote omitted).

In light of the foregoing general principles and in the interests of comity and efficiency, the Court is disinclined to revisit rulings made by the MDL court to the extent they are generally consistent with California and Ninth Circuit authority.  To the extent Defendants believe rebriefing is necessary and appropriate, Defendants **SHALL FILE**, within seven (7) days of the date of this Order, a brief, *not to exceed ten (10) pages*, addressing why, under California's "governmental interest" test for choice-of-law determinations and the law of the case, this Court must redecide under Ninth Circuit law issues previously determined under Fifth Circuit law in the MDL.  *See, e.g.*, *Cooper v. Tokyo Elec. Power Co. Holdings, Inc.*, 960 F.3d 549, 559–65 (9th Cir. 2020) (setting forth and applying California's choice-of-law test); *Allen*, 287 F. Supp. 3d at 776 (noting that district courts within the Ninth Circuit have applied the law of the case doctrine to MDL cases).  Plaintiff **MAY FILE**, within seven (7) days of the date on which Defendants file their brief, a responsive brief, also *not to exceed ten (10) pages*, addressing the same issues.

**IT IS SO ORDERED.**

Dated:  February 16, 2023

Hon. Janis L. Sammartino
United States District Judge