UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA MCCOY,<br><br>        Plaintiff,<br><br>v.<br><br>DEPUY ORTHOPAEDICS, INC.;<br>DEPUY PRODUCTS, INC.;<br>DEPUY SYNTHES, INC.;<br>JOHNSON & JOHNSON;<br>JOHNSON & JOHNSON SERVICES,<br>INC.; and JOHNSON & JOHNSON<br>INTERNATIONAL,<br><br>        Defendants. | Case No.: 22-CV-2075 JLS (KSC)<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTION FOR PERMISSION TO LODGE DOCUMENTS FOR *IN CAMERA* REVIEW IN SUPPORT OF THEIR MOTION TO DISQUALIFY PLAINTIFF'S EXPERT STEPHEN LI AND (2) RESETTING HEARING DATE FOR DEFENDANTS' MOTION TO DISQUALIFY**<br><br>(ECF Nos. 44 & 85) |

Presently before the Court is Defendants DePuy Orthopaedics, Inc.; DePuy Products, Inc.; DePuy Synthes, Inc.; Johnson & Johnson; Johnson & Johnson Services, Inc.; and Johnson & Johnson International's (collectively, "Defendants") Motion for Permission to Lodge Documents for *in Camera* Review ("Mot. to Lodge," ECF No. 85). Also before the Court are Plaintiff Barbara McCoy's Opposition to ("Opp'n," ECF No. 86) and Defendants' Reply in Support of ("Reply," ECF No. 89) the Motion to Lodge. Having considered the Parties' arguments and the applicable law, the Court **GRANTS** Defendants' Motion to Lodge and **RESETS** the hearing on the underlying motion.

1

# BACKGROUND

Defendants contend that Dr. Stephen Li has consulted as an expert for DePuy[1] since "the early 1990s and [has] served in a consulting role for the Pinnacle litigation [since] October 2010." Disqual. Mot. at 2; Declaration of Kenneth H. Inskeep ("Inskeep Decl.," ECF No. 44-1) ¶¶ 4–5. They allege that DePuy has paid him $23,500 for expert reports and testimony relating to Pinnacle metal-on-metal ("MoM") hip replacement cases. Inskeep Decl. ¶¶ 5, 17. Defendants claim that they reached out to Dr. Li to consult on the Pinnacle MoM cases and that Dr. Li disclosed that he had been contacted by a plaintiff's personal injury firm to serve as an expert witness but had not received any confidential information. *Id.* ¶ 7.

Defendants assert that after they retained Dr. Li as a MoM litigation consultant, defense counsel met with him on three occasions, during which they discussed "MoM devices generally, including the DePuy Pinnacle device (not just the [Articular Surface Replacement ("]ASR)["] device], and [Mr. Inskeep's] mental impressions and potential strategies for defending MoM cases." *Id.* ¶¶ 8, 10, 12–13. Upon Mr. Inskeep's request that Dr. Li critique the report of Plaintiff's causation expert, Al Burstein, Dr. Li declined in light of his professional relationship with said expert, and Mr. Inskeep decided to suspend DePuy's consulting relationship with Dr. Li. *Id.* ¶ 15. However, Mr. Inskeep claims to have understood that Dr. Li would continue to consult with DePuy as an expert in Pinnacle matters. *Id.* Dr. Li ceased his consulting work on DePuy's behalf in Pinnacle litigation in August 2015, but Defendants assert that Dr. Li never was terminated formally

///

---

[1] Defendants' Motion to Disqualify Plaintiffs' Experts Dana Medlin and Stephen Li ("Disqual. Mot.," EFC No. 44) simply refers to "DePuy" rather than any specific DePuy entity or entities; this Order accordingly does the same. Moreover, Dana Medlin has not been designated as an expert in this matter, and accordingly this Order addresses only the issues concerning Dr. Li. *See* Opposition to Motion to Disqualify Plaintiff's Expert Stephen Li ("Opp'n to Disqual. Mot.," ECF No. 69) at 2 n.1. Finally, in citing to the briefs in this matter, the Court refers to the blue numbers stamped in the upper righthand corner of each page by the District's Court Management/Electronic Case Filing system.

as a consulting expert and that they understood he would continue to be available to them to consult as an expert in Pinnacle matters. *Id.*

Thereafter, beginning in 2021, Dr. Li was retained by counsel for various plaintiffs in the Pinnacle MoM multidistrict litigation (the "MDL"), of which the present action was a part. *See* Declaration of Dr. Stephen Li ("Li Decl.," ECF No. 69-3) ¶ 10. Plaintiff designated Dr. Li as her expert witness on general and specific causation in the present case, and she served Defendants with a report authored by Dr. Li in July 2022. Opp'n to Disqual. Mot. at 2–3. Due to travel restrictions, Dr. Li is Plaintiff's only expert on specific causation. *See id.* Dr. Li, contrary to Defendants' assertions, claims to have never been formally employed by DePuy and does not recall any significant discussions focused on MoM Pinnacle products or litigation during meetings with Mr. Inskeep. Li Decl. ¶ 10. Additionally, Dr. Li does not believe that any invoices for his consulting services were related to MoM devices. *Id.* ¶ 16.

On December 16, 2022, prior to the transfer of this action from the MDL court to this Court, Defendants filed their Disqualification Motion, which is now fully briefed. *See* ECF Nos. 44, 69, 78, 82. Less than a week prior to the hearing scheduled for oral argument concerning the Disqualification Motion, Defendants filed the instant Motion to Lodge. *See generally* Mot. to Lodge; ECF No. 77. The Motion to Lodge, filed four months after the initial Motion to Disqualify and nine months after Plaintiff served Dr. Li's expert report on Defendants, seeks to submit for *in camera* review attorney memoranda, consulting expert invoices, and e-mails referenced in Mr. Inskeep's Declaration in support of the Disqualification Motion. Mot. to Lodge at 1.

## LEGAL STANDARD

The Supreme Court has approved the use of *in camera* review to preserve privileged information where the review of such evidence is necessary to protect attorney-client privilege and attorney work product. *See United States v. Zolin*, 491 U.S. 554, 568–69 (1989). The protection of privileged documentary evidence "is essential [for] a lawyer [to] work with a certain degree of privacy, free from unnecessary intrusion by opposing parties

and their counsel." *United States v. Nobels*, 422 U.S. 225, 237 (1975) (quoting *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947)). In assessing whether to accept documentary evidence for *in camera* review incident to a motion to disqualify an expert, "[t]he court is guided by considerations of 'fundamental fairness.'" *Cecala v. Newman*, No. CV04-2612-PHX-NVW, 2007 WL 9724834, at *5 (D. Ariz. Mar. 26, 2007) (citing *Hewlett-Packard Co. v. EMC Corp.*, 330 F. Supp. 2d 1087, 1094 (N.D. Cal. 2004)).

## ANALYSIS

It is undisputed that, on a motion to disqualify, whether the target of said disqualification is an expert witness or counsel, a court may review relevant materials *in camera*. *See, e.g.*, *W. Sugar Coop. v. Archer-Daniels-Midland Co.*, 98 F. Supp. 3d 1074, 1086 (C.D. Cal. 2015) (considering *in camera* evidence on motion to disqualify counsel); *Radware, Ltd. V. A10 Networks, Inc.*, No. C-13-02021-RMW, 2014 WL 116428, at *1 (N.D. Cal. Jan. 10, 2014) (granting motion for *in camera* review of motion to disqualify counsel); *Life Techs. Corp. v. Biosearch Techs., Inc.*, No. C-12-00852 WHA JCS, 2012 WL 1604710, at *7 (N.D. Cal. May 7, 2012) (considering *in camera* submission in ruling on motion to disqualify expert witness); *In re Bard IVC Filters Prod. Liab. Litig.*, No. MDL 15-02641-PHX DGC, 2019 WL 13205592, at *4 (D. Ariz. Jan. 30, 2019) (noting that defendants seeking disqualification of expert witness "could have proposed an *in camera* submission, but they have not done so").

Here, however, the issue is the timeliness of Defendants' request for *in camera* review.[2] As the Ninth Circuit has recognized, untimely submission of supplementary materials or disclosures can be overcome by substantial justification. *See W. All. Bank v. Jefferson*, 119 F. Supp. 3d 961, 967 (D. Ariz. 2015). Defendants contend their failure to submit these documents as exhibits to their initial Disqualification Motion was in the interest of protecting privileged attorney work product. Reply at 3. Plaintiff, meanwhile,

---

[2] Plaintiff does not appear to challenge that the documents in question are privileged attorney work product or the propriety generally of *in camera* review of such documents. *See generally* Opp'n.

relies on *Winkelmeyer v. DePuy Orthopaedics, Inc.*, another MDL case in which the Disqualification Motion also was filed, to contend that the documents submitted for *in camera* review were available at the time Defendants moved for disqualification; thus, the Motion to Lodge must be denied on timeliness grounds. *See* Opp'n at 3 (citing Case No. 2:13-cv-04058-NKL, 2023 WL 2974480 (W.D. Mo. Apr. 17, 2023)).

*Winkelmeyer*, however, is distinguishable. There, the court had already ruled on the motion to disqualify Dr. Li prior to the submission of documents for *in camera* review as part of a motion for reconsideration. *See generally Winkelmeyer*, 2023 WL 2974480. The court found the submission of documents that existed at the time the motion to disqualify had been decided did not satisfy the limited circumstances meriting reconsideration. *See id.* In the present case, the underlying Disqualification Motion is still pending and the submission of Defendants' Motion to Lodge predates a ruling thereon. To be clear, the Court does not condone the failure to submit supporting documents at the time of the filing of the initial Disqualification Motion. Defendants could and should have sought *in camera* review of the relevant materials at that time. Nonetheless, the delay here, and the procedural posture of this matter, is unlike *Winkelmeyer*. As the Disqualification Motion has yet to be decided, Defendants' present Motion to Lodge does not provide a "second bite at the apple," but rather a means of providing further support for their Disqualification Motion. Accordingly, given the importance of protecting the integrity of the judicial process and preventing conflicts of interest, and balancing those weighty concerns against the minimal prejudice to Plaintiff,[3] the Court is inclined to review Defendants' submission to better inform its decision of whether to disqualify Dr. Li.

Plaintiff also points to the statement in *Winkelmeyer* that "'nothing [in] the *in camera* submission suggests that it was objectively reasonable for DePuy to conclude it had a confidential relationship with Dr. Li in connection with Pinnacle metal-on-metal devices'"

---

[3] There is currently no trial date set in this matter, eliminating any concerns that the present Motion comes "on the eve of trial," *see Cecela*, 2007 WL 9724834 at *5, and all Parties will have the opportunity to be heard on the Disqualification Motion.

as support for her request that the Court deny the Motion to Lodge. Opp'n at 2 (quoting *Winkelmeyer*, 2023 WL 2974480, at *2). However, in response, Defendants cite to the transcript from the hearing on the same Disqualification Motion in *Sheehy v. DePuy Orthopaedics, Inc.*, another MDL case. *See* Reply at 2–6 (citing *id.* Ex. 1 ("*Sheehy* Tr.," ECF No. 89-1 (Transcript of Motion Hearing, No. 1:22-cv-03370-RMR (D. Colo. May 11, 2023), ECF No. 141))). In *Sheehy*, the court determined that it was reasonable for DePuy to believe that it had a confidential relationship with Dr. Li. *See* Sheehy Tr. at 87:1–5. The court accordingly granted the Disqualification Motion. *See* Courtroom Minutes at 3, *Sheehy*, No. 1:22-cv-03370-RMR (D. Colo. May 4, 2023), ECF No. 139. Defendants have also filed a Notice of Supplemental Authority, appending a May 18, 2023 order in another case from the same MDL, *England v. DePuy Orthopaedics, Inc.*, which also granted the Disqualification Motion. *See* ECF No. 93-1 (Civil Minutes—General, Case No. 2:23-cv-00040-GW-(JCx) (C.D. Cal. May 18, 2023), ECF No. 75) (under seal). Given the inconsistent decisions on the Disqualification Motion in other cases from the same MDL, this Court finds that the interests of a fully informed decision ultimately outweigh Defendants' foot-dragging in submitting their supporting documents. Accordingly, the Court exercises its discretion to review the proposed *in camera* submission.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' Motion for Permission to Lodge Documents for *in Camera* Review (ECF No. 85). Defendants **SHALL LODGE** the documents for which they seek *in camera* review on or before June 8, 2023. The Court further **RESETS** the hearing on the Disqualification Motion (ECF No. 44) and choice of law issues for 1:30 p.m. on June 22, 2023, in Courtroom 4D of the Edward J. Schwartz United States Courthouse.

**IT IS SO ORDERED.**

Dated: June 5, 2023

Hon. Janis L. Sammartino
United States District Judge