1
2
3
4
5
6
7

8        UNITED STATES DISTRICT COURT

9        SOUTHERN DISTRICT OF CALIFORNIA

10

11   BARBARA MCCOY,                          Case No.:  22-CV-2075 JLS (SBC)

12                          Plaintiff,
                                            **ORDER DENYING PLAINTIFF'S**
13   v.                                      **MOTION TO REOPEN DISCOVERY**
                                            **FOR THE LIMITED PURPOSE OF**
14   DEPUY ORTHOPAEDICS, INC.;               **DISLOSING DR. STEPHEN LI AS A**
     DEPUY PRODUCTS, INC.;                   **FACT WITNESS**
15   DEPUY SYNTHES, INC.;
     JOHNSON & JOHNSON; JOHNSON             (ECF No. 114)
16   & JOHNSON SERVICES, INC.; and
     JOHNSON & JOHNSON
17   INTERNATIONAL,

18                          Defendants.
19
20

21        Presently before the Court is Plaintiff Barbara McCoy's Motion to Reopen

22   Discovery for the Limited Purpose of Disclosing Dr. Stephen Li as a Fact Witness ("Mot.,"

23   ECF No. 114-1).  Defendants DePuy Orthopaedics, Inc.; DePuy Products, Inc.; DePuy

24   Synthes, Inc.; Johnson & Johnson; Johnson & Johnson Services, Inc.; and Johnson &

25   Johnson International's (collectively, "Defendants") filed an Opposition to the Motion

26   ("Opp'n, ECF No. 115), to which Plaintiff submitted a Reply ("Reply," ECF No. 116).

27   The Court took the matter under submission without oral argument pursuant to Civil Local

28   Rule 7.1(d)(1).  *See* ECF No. 117.  Having carefully reviewed the Motion, the Parties'

arguments, and the law, the Court **DENIES** Plaintiff's Motion.

**BACKGROUND**

The Court incorporates the recitation of this action's factual and procedural history included in the Court's July 14, 2023 Order (the "Order," ECF No. 103). The Court thus sets forth below only those facts relevant to the instant Motion.

Plaintiff's Motion does not represent the Parties' first dispute about Dr. Stephen Li ("Dr. Li"). Plaintiff previously designated Dr. Li as a biomedical expert. Order at 3. Defendants, however, moved to disqualify Dr. Li on the ground that he had "'switched sides' in the exact same litigation." ECF No. 44 ("Disqual. Mot.") at 2. Defendants claimed that Dr. Li had periodically served as one of their consulting and testifying experts for decades. *See* Order at 4. During that time, per Defendants, Dr. Li received and helped formulate Defendants' legal strategies relating to the expert opinions he intended to provide on behalf of Plaintiff in this matter. *See id.* at 7. Countering, Plaintiff contested Defendants' version of events and argued that public policy weighed against disqualifying Dr. Li. *See generally* ECF No. 69 ("Pl.'s Opp'n to Disqual. Mot.").

After oral argument, the Court granted Defendants' Disqualification Motion. *See generally* Order. The Court found that Defendants had (1) established a reasonable belief that a confidential consulting relationship existed between DePuy and Dr. Li at one time, *see id.* at 14; and (2) shown that confidential information relevant to this litigation was disclosed by DePuy's counsel to Dr. Li, *see id.* at 16. The Court also noted, though, that the timing of Defendants' Disqualification Motion smacked of gamesmanship and risked prejudice to Plaintiff. *See id.* at 16–18. Ultimately, however. considerations of judicial integrity tipped the balance in favor of disqualification, as other courts had disqualified Dr. Li in cases remanded from the same multi-district litigation ("MDL") of which this case was a part. *See id.* at 18–19. The Court was also mindful of the need to prevent the appearance of an expert "switching sides." *See id.*

Plaintiff's instant Motion followed.

/ / /

2

## DISCUSSION

### I.  Federal Rule of Evidence 701

Lay opinion testimony is governed by Federal Rule of Evidence 701.  Rule 701 provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and *(c) not based on scientific, technical, or other specialized knowledge* within the scope of Rule 702.

Fed. R. Evid. 701 (emphasis added).  As the rule indicates, "lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists.'"  *United States v. Corona*, 359 F. App'x 848, 852 (9th Cir. 2009) (quoting Fed. R. Evid. 701 advisory committee's note to 2000 amendment).

The meaning of Rule 701 is clear: "[l]ay opinion testimony [should] not . . . provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events."  *Joshua David Mellberg LLC v. Will*, 386 F. Supp. 3d 1098, 1101 (D. Ariz. 2019) (internal quotation marks omitted) (quoting *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431 SBA, 2006 WL 1330002, at *3 (N.D. Cal. May 15, 2006)).

### II.  Plaintiff's Motion

Plaintiff insists she is not attempting to circumvent the Court's prior disqualification of Dr. Li, as she "understands that Dr. Li is not permitted to testify as an expert witness . . . or offer expert opinions with respect to the medical literature."  Mot. at 1. Plaintiff also notes that, since Dr. Li's disqualification, she has designated a new expert to offer opinions on how Defendants' product is "defective in design, the availability of safer alternatives, and Defendants' failure to warn, among other things."  *Id.*

/ / /

Instead, Plaintiff argues that Dr. Li can testify about his "unique role in serving on the 2001 [Food and Drug Administration ("FDA")] panel meetings" without providing expert testimony. *Id.* Plaintiff explains that said meetings "directly analyzed the problems and concerns of an orthopedic panel on metal-on-metal hips." *Id.* And, at the August 8, 2001 meeting, Dr. Li presented his views on that topic, commenting on "the absence of clinical data, . . . the adverse reactions caused by metal ion debris, the lack of preclinical wear testing, and the inadequacy of hip simulation testing." *Id.* at 2.

Specifically, Plaintiff asks that "Dr. Li be permitted to be called as a fact witness to testify on the limited issue of [1] who he is, [2] what the FDA asked him to do with respect to the 2001 [FDA] Panel, and [3] the concerns he shared with the panel as lead reviewer." *Id.* To support her Motion, Plaintiff argues that Dr. Li's testimony is "necessary to demonstrate, by a first-hand account, . . . the safety concerns with metal-on-metal hips" felt by "those in the orthopaedic community." *Id.*

## III. Analysis

In their briefs, the Parties present several arguments in support of their respective positions. The Parties, for example, contest whether Dr. Li's FDA panel testimony is relevant to this case, constitutes impermissible hearsay, or would prejudice Defendants. *See generally* Mot.; Opp'n; Reply.

But none of the above arguments speak to Rule 701(c). Specifically, Plaintiff makes no attempt to explain how Dr. Li could testify about "what the FDA asked him to do" and the "concerns he shared with the panel," Mot. at 2, without relying on "scientific, technical, or other specialized knowledge." Indeed, by Plaintiff's own description, Dr. Li's 2001 testimony was based on such expert knowledge. *See* Pl.'s Opp'n to Disqual. Mot. at 4 n.4 (stating "Dr. Li expressed," at the FDA panel, "that he believed the testing was inadequate" and "that the risks of metal-on-metal outweighed the benefits based on what information was available at the time"). And, as Defendants point out, a review of the FDA panel's transcript further confirms that Dr. Li's contributions in 2001 were based on his scientific

/ / /

and specialized knowledge.[1]  *See* Opp'n at 5.  Plaintiff conspicuously provides no response to that contention, even though the "Argument" section of Plaintiff's Reply is double the length of her initial Motion.

The Court is also concerned that allowing Dr. Li to testify in the limited capacity Plaintiff proposes could confuse the jury.  Where a witness testifies as both a lay and expert witness, her "status as an expert could lend [her] unmerited credibility when testifying as a percipient witness."  *United States v. Vera*, 770 F.3d 1232, 1242 (9th Cir. 2014).  Even assuming, *arguendo*, that Dr. Li could testify as a lay witness only, Plaintiff's request presents the same issue.  Plaintiff wants Dr. Li to testify about "who he is," referring presumably to his status as "one of the rare individuals who has 'a long and public history supporting the opinions rendered in the case.'"  Mot. at 2 (quoting Order at 19).  But Dr. Li's status as such a rare individual grew precisely from his *expertise*, the same quality that could lead a jury to grant his opinions great weight.

## CONCLUSION

While the Court remains sympathetic to Plaintiff's counsel's point, raised at a prior hearing, that "it is difficult to find an expert" like Dr. Li, *see* Order at 19, the Court simply does not see how Dr. Li could testify in this case in any capacity other than that of an expert.  As the Court previously disqualified Dr. Li—and no grounds for reconsidering that decision have been raised—Plaintiff's Motion to Reopen Discovery (ECF No. 114) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  November 8, 2023

Hon. Janis L. Sammartino
United States District Judge

---

[1] Plaintiff previously provided the Court with the transcript of the FDA panel's August 8, 2001 meeting. *See* ECF No. 69-5.